UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-25366-CIV-ALTONAGA

**JUAN ESTEBAN LOPEZ LOZANO**,

    Petitioner,

v.

**GARRETT J. RIPA, FIELD OFFICE DIRECTOR, ICE-ERO MIAMI FIELD OFFICE**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** comes before the Court on *pro se* Petitioner, Juan Esteban Lopez Lozano's Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1], filed on November 14, 2025.[1]  Petitioner challenges his detention in the custody of Immigration and Customs Enforcement ("ICE") and seeks "immediate release[.]"  (Emergency Pet. 5 (alteration added)).[2,3]  For the following reasons, the Court concludes Petitioner's chosen venue is improper.

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).  "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[2] Although Petitioner advances various civil-rights violations, his pleading is properly construed as a section 2241 petition, as his sole request for relief is release from confinement.  (*See generally* Emergency Pet.); *see also Allen v. Thompson*, 815 F.2d 1433, 1435 (11th Cir. 1987) (stating "[b]ecause the relief sought is relief from confinement, the correct federal remedy is habeas corpus under 28 U.S.C. [section] 2241" (alterations added; citing *Cruz v. Skelton*, 502 F.2d 1101 (5th Cir. 1974))).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 25-25366-CIV-ALTONAGA

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (alterations added; quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Petitioner is presently confined at Florida Soft Side South — an immigration detention facility in Ochopee, Florida.[4] (*See* Pet. 2). Ochopee, Florida, is served by Collier County, which lies in the Middle District of Florida. *See* 28 U.S.C. § 89(b). Because Petitioner is confined there, "[a]ny other district court lacks jurisdiction" over the Petition. *United States v. Brown*, 748 F. App'x 286, 287 (11th Cir. 2019) (alteration added; citing *Fernandez*, 941 F.2d at 1495).

Accordingly, it is

**ORDERED** that the Clerk is directed to **TRANSFER** this case to the United States District Court for the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a). Upon transfer, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 19th day of November, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Petitioner, *pro se*

---

[4] Public records confirm Petitioner's present confinement at Florida Soft Side South in Ochopee, Florida. (available at https://locator.ice.gov/odls/#/details (A#: 220-356-874; Country of Birth: Colombia)).